JUDGE CROTTY

14 CV 0487

Andrew N. Bourne (AB-9774)
Jonathan A. Zakheim (JZ-7630)
BOURNE & ZAKHEIM LLP
733 Third Avenue, 15th Floor
New York, NY 10017
Tel: (646) 790-5850
Fax: (646) 355-2882
anb@bournezakheim.com
jaz@bournezakheim.com

*Attorneys for Plaintiff*



RECEIVED
JAN 27 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYSA JOHNSON, | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| EMPIRE STATE REALTY TRUST, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Kysa Johnson, by and through her undersigned attorneys, for her complaint against Defendant, Empire State Realty Trust, Inc. ("ESRT"), alleges as follows:

### INTRODUCTION

1.     This is an action for damages arising from the loss or destruction of a series of Ms. Johnson's works of visual art (the "Paintings") owned by Ms. Johnson, which were on display at the Empire State Building.

2.     Ms. Johnson is a renowned artist who has exhibited artwork in museums and galleries throughout the United States and internationally. In June 1999, ESRT's predecessor commissioned Ms. Johnson to create, and loan, the Paintings for display at the Empire State Building. The Paintings indisputably remained Ms. Johnson's property by express agreement. Ms. Johnson fulfilled her duties under the agreement and delivered the Paintings to the Empire State

1

Building, where the general public and the artistic community enjoyed and appreciated her cutting-edge, culturally significant artwork for years.

3.      Recently, Ms. Johnson learnt that ESRT lost or destroyed the Paintings when ESRT was unable to return the Paintings to Ms. Johnson upon her demand.

4.      No valid justification or excuse exists giving ESRT the right not to return the Paintings to their rightful owner.  Now that the Paintings are admittedly lost or destroyed, Ms. Johnson brings this action to recover damages from ESRT for the destruction of the significant and important works of art that were her property.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the Visual Artists Rights Act, 17 U.S.C. §§ 106A, *et seq.* ("VARA").  This Court has jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District based on 28 U.S.C. § 1391(a), as the event giving rise to this action occurred within this district.

## THE PARTIES

7.      Plaintiff Kysa Johnson is a renowned artist residing in Queens, New York.  Ms. Johnson is the "author of a work of visual art," the Paintings, within the meaning of VARA.

8.      Upon information and belief, ESRT is a real estate investment trust organized under the laws of the State of New York, with its principal place of business at One Grand Central Place, 60 East 42nd Street, New York, New York, 10165.  Upon information and belief, ESRT is the successor-in-interest to Empire State Building Company LLC, the entity that entered into the agreement with Ms. Johnson concerning the Paintings.

## FACTUAL ALLEGATIONS

**A.**   **Acquisition Of The Paintings By The Empire State Building**

9.      In June 1999, Ms. Johnson executed an agreement (the "Contract") with the Empire State Building Company LLC, ESRT's predecessor-in-interest, to create the Paintings.

10.     Pursuant to the terms of the Contract, Ms. Johnson agreed "to create a series of paintings . . . to be installed in the Concourse level of the Building," in exchange for a fee and reimbursement of expenses incurred in making and transporting the Paintings to the Empire State Building.

11.     The Contract provided that Ms. Johnson retained ownership over the Paintings.  In particular, the Contract stated that "copyright ownership privileges over any images of or derived from the Paintings" remained with Ms. Johnson, and that, although the Paintings would be displayed "on permanent loan," the Paintings would "remain the property of [Ms. Johnson] in perpetuity."

12.     Ms. Johnson and the Empire State Building understood that, if the Empire State Building no longer wished to display the Paintings, the Empire State Building would contact Ms. Johnson and provide her the opportunity to pick up the paintings.

13.     In 2000, Ms. Johnson delivered the Paintings to the Empire State Building, where they remained in the care, custody, and control of the Empire State Building.

14.     The Paintings consisted of six (6) individual pieces.  Four of the Paintings measured 49" x 96", and two of the Paintings measured 48" by 48".

15.   One of the Paintings was entitled, "blow up 8 – subatomic decay patterns":



16.   One of the Paintings was entitled, "blow up 9 – the formation of steel":



17.     One of the Paintings was entitled, "blow up 10 – cement":



18.     One of the Paintings was entitled, "blow up 11 – feldspars":



5

19.   One of the Paintings was entitled, "blow up 12 – aluminum":



20.   One of the Paintings was entitled, "blow up 13 – brick":



21.     In September 2000, the Empire State Building and Ms. Johnson hosted an event to celebrate the delivery and installation of the Paintings. This "opening party" alone attracted in excess of one hundred visitors to the Empire State Building to view the Paintings.

22.     For years, the general public and the artistic community enjoyed and appreciated the Paintings.

**B.     <u>The Paintings Are Works Of Recognized Stature Under VARA</u>**

23.     The Paintings are works of recognized stature.  Ms. Johnson is an innovative modern artist who often uses scientific materials and concepts, such as string theory and the subatomic decay of particles, to create her artwork.  In conjunction with her use of scientific sources, Ms. Johnson is also known for artwork that is "created to sit in response to the building that housed it."

24.     The Paintings are prime examples of Ms. Johnson's technique, as they draw upon scientific sources derived from the materials used in constructing the Empire State Building.  Art writers, critics, and gallery owners have specifically commented on the artistic stature of the Paintings.

**C.     <u>Loss or Destruction of Ms. Johnson's Art By The Empire State Building</u>**

25.     In 2012, Ms. Johnson learnt that art collectors wishing to see her work could not locate the Paintings during a visit to the Empire State Building.

26.     Shortly thereafter, Ms. Johnson contacted the Empire State Building Company or ERST to determine the location of her works.  The Empire State Building Company or ERST stated that it would investigate and report back to Ms. Johnson, but failed to do so.  Ms. Johnson repeatedly contacted the Empire State Building Company or ERST to inquire about the location of the Paintings.

27.     In the summer of 2013, in response to another inquiry by Ms. Johnson, ESRT stated that the Paintings could not be located, were likely destroyed, and therefore could not be returned to Ms. Johnson.

## FIRST CAUSE OF ACTION
## (Violation of the Visual Artists Rights Act)

28.     Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

29.     The Paintings are each a "work of visual art" within the meaning 17 U.S.C. § 101, and constitute copyrightable subject matter.

30.     The Paintings are each a work of recognized stature.

31.     Pursuant to 17. U.S.C. § 106A(a)(3)(B), Ms. Johnson had the right to "prevent any destruction" of the Paintings.

32.     ESRT violated this right when it caused the intentional or grossly negligent destruction of the Paintings.

33.     As a direct and proximate result of ESRT's intentional or grossly negligent destruction of the Paintings, Ms. Johnson suffered harm to her honor and reputation as an artist.

## SECOND CAUSE OF ACTION
## (Gross Negligence)

34.     Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

35.     In acquiring the Empire State Building, ESRT (and its predecessor-in-interest) assumed the duty to maintain and display the Paintings on a permanent basis, in a manner that protected Ms. Johnson's ownership interest in the Paintings, and in accordance with industry customs, standards, and practices.

36.     ESRT's conduct demonstrates a flagrant disregard for industry customs, standards, and practices, and a willful violation of its duties and obligations to Ms. Johnson.  The loss or destruction of the Paintings was caused by the negligence, gross negligence, carelessness, willful misconduct, and recklessness of ESRT, acting by and through its agents, servants and/or employees, acting within the course and scope of their employment, as follows:

(a)  Failing to investigate, employ and hire agents, servants, employees and/or subcontractors with knowledge, training and experience in the management, maintenance and preservation of the Paintings;

(b)  Failing to properly train, instruct, oversee, and supervise its agents, servants, employees and/or subcontractors in the management, maintenance and preservation of the Paintings;

(c)  Failing to inspect and maintain the Paintings;

(d)  Failing to inspect and maintain the Empire State Building facilities so as to protect the Paintings;

(e)  Failing to exercise all reasonable and due care in operating the Empire State Building; or

(f)  Otherwise failing to use due care as required under the circumstances.

37.     As a direct and proximate result of ESRT's negligence, gross negligence, carelessness, willful misconduct, and recklessness, Ms. Johnson sustained severe and extensive damages.

### THIRD CAUSE OF ACTION
### (Breach of Bailment)

38.     Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

39.     Among other things, the Contract created a bailment between Ms. Johnson and ESRT or its predecessor, in which the Empire State Building could maintain lawful possession of the Paintings, but the Paintings remained the property of Ms. Johnson.

40.     By accepting Ms. Johnson's property acting as a bailee, ESRT had a duty to account for the Paintings, which included the obligation to, among other things, safely store and preserve Ms. Johnson's property and to return it in the condition in which it was left with ESRT.

41.     ESRT breached its duty account for the Paintings by failing to return the Paintings.

42.     As a direct and proximate result of ESRT's breach of its duties and obligations, Ms. Johnson suffered severe and extensive damage to her property for which ESRT is liable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

(a)     On the First Cause of Action, Ms. Johnson requests that this Court enter judgment in her in her favor and against Defendant ESRT, awarding her compensatory and consequential damages in an amount to be determined at trial, or statutory damages, as well as attorneys' fees and costs to the extent permitted by law;

(b)     On the Second Cause of Action,  Ms. Johnson requests that this Court enter judgment in her in her favor and against Defendant ESRT, awarding her compensatory and consequential damages in an amount to be determined at trial;

(c)     On the Third Cause of Action, Ms. Johnson requests that this Court enter judgment in her in her favor and against Defendant ESRT, awarding her compensatory and consequential damages in an amount to be determined at trial;

(d)     On all causes of action, Ms. Johnson requests that this Court enter judgment in her favor and against Defendant ESRT, awarding her the costs and fees of this action, as well as pre- and post-judgment interest to the extent permitted by law; and

(e)   Any such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Ms. Johnson hereby demands a trial by jury on all issues so triable.

Dated: January 27, 2014
     New York, New York

Respectfully submitted,

BOURNE & ZAKHEIM LLP


By:  /s/ Andrew N. Bourne
     Andrew N. Bourne (AB-9774)
     Jonathan A. Zakheim (JZ-7630)
733 Third Avenue, 15th Floor
New York, New York 10017
Tel:  (646) 790-5850
Fax:  (646) 355-2882

*Attorneys for Plaintiff*